## State *vs.* Peter McGough.

An indictment, following the words of the statute, charged the defendant with keeping or maintaining a house "used for the illegal sale or keeping of intoxicating liquor."

*Held*, that the charge must be construed to mean keeping for such illegal use or with knowledge that the house was so used.

At the trial upon this indictment the presiding justice allowed one of the defendant's witnesses to be asked in cross examination if the witness did not tell A., a witness for the State, that if A. would mix up the testimony in F.'s case F. would give A. twenty dollars.

*Held*, error, the inquiry being irrelevant, as no connection appeared between F.'s case and the case on trial.

The presiding justice instructed the jury, "He, the defendant, is presumed to know the kind of business which was openly being carried on in his establishment by his servants and agents. The defendant admitted that he was the keeper of the place, and that he was there personally in charge of it during the time covered by the indictment. He is not only presumed to know but he is responsible."

*Held*, error, the knowledge and responsibility of the defendant being for the jury to infer from the evidence, not for the court to determine as a matter of law.

EXCEPTIONS to the Court of Common Pleas.

The defendant was indicted in the Court of Common Pleas for keeping and maintaining a common nuisance, to wit, a grog shop, &c. After verdict for the State he brought the case into this court on exceptions taken to the admission of certain evidence and to the instructions given to the jury.

*January* 13, 1883. DURFEE, C. J. We think the court below erred in two of its rulings. *First.* It erred in allowing the de-

fendant's witness to be asked in cross examination "if he did not tell Bliss," a witness for the prosecution, "that if he would mix up the testimony in the John Fleming case, he (Fleming) would give him twenty dollars." It does not appear that there was any connection between the Fleming case and the case at bar. The inquiry, therefore, however proper it might have been for the purpose of showing the feeling or *animus* of the witness in a trial of the Fleming case, was irrelevant in the case at bar. *Second.* The bill of exceptions in regard to the other ruling is as follows, to wit : "The defendant requested the court to instruct the jury, that as there was no evidence that the defendant made the sales of liquor testified to, and as he swore he knew nothing of the sales, then the jury, in order to convict, must find that said sales of liquor were made with his knowledge." The court declined so to rule, but did instruct the jury as follows : "He is presumed to know the kind of business which was openly being carried on in his establishment by his servants and agents. The defendant admitted that he was the keeper of the place, and that he was there personally in charge of it during the time covered by the indictment. He is not only presumed to know, but he is responsible." We think there can be no doubt, if intoxicating liquor was sold in the defendant's house by his agent, while he was present and in charge of it, that the jury might and doubtless would infer, that, as a matter of fact, he knew and permitted it; but we do not think it was for the court to instruct the jury as a matter of law that they were bound to presume it. The court, however, if we rightly understand the statement, went even further, and instructed the jury that the defendant was under the circumstances responsible for the act of his servant in selling the liquor, whether he knew or consented to it or not. This was certainly error. It is true the indictment is for keeping or maintaining a house, "used for the illegal sale or keeping of intoxicating liquor." The charge in the indictment, which follows the statute verbatim, is, not that the defendant used his house or permitted it to be used for the illegal purpose, but only that he *kept* a house which was so used. We think, however, the charge is not to be taken too literally, but that it is to be construed to mean not simply that the accused kept a house so illegally used, but that he

kept it for such illegal use or knowing it to be so used; otherwise he might be convicted for the acts of others committed without his knowledge and against his will, and even for the acts of others committed maliciously for the purpose of procuring his conviction. The cardinal doctrine of criminal law is, there can be no criminality without knowledge or intent. It will not be supposed that this doctrine was intended to be disregarded without very cogent reasons. *State* v. *Luther*, 8 R. I. 151; *State* v. *Smith*, 10 R. I. 258. The exceptions relating to these two rulings are therefore sustained, the other exceptions being overruled, and the case is remitted for new trial.                          *Exceptions sustained.*

*Samuel P. Colt*, Attorney General, for plaintiff.

*John M. Brennan*, for defendant.